UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TONIA G.,[1]

            Plaintiff,     Case # 24-CV-6322-FPG

v.                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

## INTRODUCTION

Plaintiff Tonia G. brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 13. For the reasons below, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In early 2020, Plaintiff protectively applied for SSI benefits with the Social Security Administration ("the SSA"), alleging an onset date of January 1, 2011. Tr.[2] at 27, 239. On January 10, 2022, she amended her onset date to January 21, 2020. Tr. 261. The claim was initially denied in November 2020 and upon reconsideration in September 2021. Tr. 64, 76. Plaintiff missed her

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

scheduled telephonic hearing with Administrative Law Judge Dina R. Loewy ("the ALJ") in January 2022. Tr. 195-96. The telephonic hearing was rescheduled to June 2022. Tr. 203. In May 2023, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. 27-44. Plaintiff requested review by the Appeals Council, but the request was denied in March 2024. Tr. 1. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." *Id.* If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 29. At step two, the ALJ found that Plaintiff had severe impairments of obesity, substance abuse, depression, anxiety, diabetes mellitus, hypertension, degenerative disease - lumbar spine, and asthma. Tr. 30. At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4. Tr. 30-34.

Next, the ALJ found that Plaintiff had the RFC to perform light work with additional exertional, postural, and environmental limitations, including that Plaintiff could only stand and/or walk with normal breaks for a total of six hours in an eight-hour workday. Tr. 36-38. At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 42. At step five, the ALJ found that, given her age, education, work experience (or lack thereof), and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 43-44. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 44.

### II.    Analysis

Plaintiff challenges the Commissioner's decision that Plaintiff was not disabled for two reasons. ECF No. 7-1. First, Plaintiff argues that remand is warranted because (1) the ALJ's RFC finding that Plaintiff could perform "light work" was not supported by substantial evidence (ECF No. 7-1 at 10-16); and (2) the ALJ improperly relied on Plaintiff's supposed willful non-compliance and improperly relied on her reported activities of daily living. *Id.* at 16-19. In response, the Commissioner argues that (1) the ALJ's RFC finding for light work was supported

by substantial evidence (ECF No. 13-1 at 7); and (2) the ALJ properly relied on all relevant evidence regarding Plaintiff's noncompliance with treatment and properly relied on her reported activities of daily living. *Id.* at 23. The Court discusses each of the Plaintiff's arguments below.

### A. Substantial Evidence

Plaintiff argues that the ALJ's finding that Plaintiff is capable of performing the standing and walking that is required for light work is not supported by substantial evidence. ECF No. 7-1 at 10-16. Specifically, Plaintiff argues that: (1) the ALJ failed to specify how she came to the conclusion that Plaintiff could stand and walk for six hours in an eight-hour workday despite Plaintiff's limitations (*id.* at 11-13); (2) the ALJ failed to evaluate the consistency of the medical opinions with each other (*id.* at 13-14);  and (3) the ALJ improperly relied on Dr. Mack's comment. *Id.* at 15-16.

### i.    Stand/Walk Six Hours in Eight-Hour Workday

In this case, the ALJ's determination that Plaintiff could stand and walk for six hours in an eight-hour workday is supported by substantial evidence. In crafting this decision, the ALJ provided reasons "tending to support the finding that, despite the moderate limitations, Plaintiff could still perform light work." *See Ricky K. v. Comm'r of Soc. Sec.*, No. 20-CV-1400MWP, 2022 WL 61008, at *5 (W.D.N.Y. Jan. 6, 2022) (cleaned up). The ALJ afforded the most weight to the opinions of state agency medical consultant Dr. Vinulan and consultive examiner Dr. Toor. Tr. 40-41.

The ALJ found Dr. Vinulan's medical opinion somewhat persuasive because it was "consistent with [Plaintiff]'s history of degenerative disc disease, asthma and hypertension." Tr. 40. Dr. Vinulan opined that Plaintiff has the capacity to "lift and/or carry 20 pounds occasionally and 10 pounds frequently, *stand and/or walk six hours in an eight-hour day*, sit about six hours in

an eight-hour day, and frequently perform all postural maneuvers except unlimited balance." *Id.* (emphasis added). In addition, the ALJ found that Dr. Vinulan's opinion was "consistent with physical examinations that documented tenderness to palpation over the lumbar vertebrae, tenderness to palpation over the paraspinal musculature bilaterally in the lumbar region, positive straight leg raise [sic] bilaterally, and tachypnea." *Id.* The ALJ also discussed Dr. Toor's opinion, which she found less persuasive than that of Dr. Vinulan's. Tr. 40-41. Dr. Toor opined that Plaintiff had "moderate limitations standing, walking, squatting, sitting, bending, and lifting or carrying." Tr. 40. The ALJ noted that she "accounted for [Plaintiff's] moderate limitations by limiting [Plaintiff] to light exertional work." Tr. at 40-41.

"[T]he dispositive question is whether the ALJ's decision was supported by substantial evidence and grounded in correct legal standards." *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order). Here, the ALJ's determination as to Plaintiff's standing and walking is supported by Dr. Vinulan and Dr. Toor's medical opinions, including Dr. Toor's opinion that she has moderate limitations when it comes to standing and walking. Tr. 41-41; *see Harrington v. Colvin*, No. 14-CV-6044P, 2015 WL 790756, at *14 (W.D.N.Y. Feb. 25, 2015) (moderate limitations supporting a finding of light work, or even medium work) (collecting cases). Having reviewed the ALJ's decision and the record in this matter, the Court finds that that the ALJ's weighing of the medical opinion evidence was indeed supported by substantial evidence and based upon correct legal standards. Accordingly, Plaintiff's argument is without merit and not a basis for remand.

### ii.    Consistency of Medical Opinions

Plaintiff argues that the ALJ improperly evaluated the consistency of Dr. Mack's and Dr. Toor's opinions. ECF No. 7-1 at 13-14. Here, the ALJ concluded that Dr. Mack's July 2020

opinion that Plaintiff had moderate limitations was "consistent" with Plaintiff's medical history and physical examinations. Tr. 41. The ALJ described in detail that she found the July 2020 opinion to be consistent with Plaintiff's "history of degenerative disc disease, asthma and hypertension, as well as physical examinations that documented tenderness to palpation over the lumbar vertebrae, tenderness to palpation over the paraspinal musculature bilaterally in the lumbar region, positive straight leg raise bilaterally, and tachypnea." *Id.* At the same time, however, the ALJ determined that due to the July 2020 opinion's "vague[ness]" when it came to Plaintiff's specific work-related functional limitations, the opinion was minimally persuasive. *Id.*

Also, the ALJ found that Dr. Mack's January 2021 opinion that Plaintiff required two-minute seated breaks every ten minutes and could lift, push, or pull no more than five pounds to be "inconsistent" with Plaintiff's "generally conservative treatment and noncompliance with her medications." *Id.* Further, the ALJ found the January 2021 opinion an "overstatement of [Plaintiff]'s limitations" and "inconsistent with the physical examinations that documented normal gait, . . . normal deep tendon reflexes, 5/5 strength, no muscle atrophy, 5/5 grip strength, normal respiration rate . . . ." *Id.*

As for Dr. Toor's opinion, the ALJ found his opinion that Plaintiff required moderate limitations to be consistent with Plaintiff's medical history and physical examinations. *Id.* However, the ALJ found Dr. Toor's opinion to be "vague" as to Plaintiff's specific work-related functional limitations (Tr. 40), and in terms of supportability, "heavily reliant on Plaintiff's subjective reporting," and appeared to uncritically accept Plaintiff's reporting to be true. Tr. 40-41.

"To the extent [Plaintiff] faults the ALJ for failing to explicitly discuss the consistency of each medical opinion with specific other opinions, '[a]n ALJ need not recite every piece of

evidence that contributed to the decision, so long as the record permits us to glean the rationale of an ALJ's decision.'" *Villier on behalf of N.D.D.R. v. Comm'r of Soc. Sec.*, No. 23-893-CV, 2024 WL 2174236, at *3 (2d Cir. May 15, 2024) (citing *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (per curiam) (internal quotation marks and citation omitted) (rejecting argument that the ALJ needs to explicitly discuss the consistency of each medical opinion with other opinions). Here, the ALJ created a record that allowed the Court to understand her rationale. Tr. 40-41. The mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021). If an ALJ's findings are reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Thus, remand is not warranted because the ALJ sufficiently assessed the consistency factors regarding Dr. Mack's and Dr. Toor's opinions, allowing the Court to glean the ALJ's rationale.

### iii.    Dr. Mack's Comment

While the Commissioner does not respond to Plaintiff's argument that the ALJ improperly relied on Dr. Mack's July 2020 comment,[3] this Court is not persuaded by Plaintiff's argument. "[A]n ALJ's failure to apply the correct legal standard constitutes reversible error if that failure might have affected the disposition of the case." *Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 579 (S.D.N.Y. 2022) (quotation marks omitted). "However, the Court need not remand the case if the ALJ only committed harmless error, *i.e.*, where the 'application of the correct legal principles to

---

[3] The ALJ writes in her decision that "[Plaintiff] was 'limited by a handful of chronic health issues that sounds like she does not stay on top of, and which are not really reasonable on their own for reasons not to be working.'" Tr. 41. (quoting Dr. Mack).

the record could lead only to the same conclusion.'" *Id.* (quoting *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (alteration omitted)).

Here, even assuming Dr. Mack's comment did imply the incorrect standard,[4] the ALJ did not rely on that alone to determine that Dr. Mack's July 2020 opinion was "minimally persuasive." Tr. 41. Rather, the ALJ also found that Dr. Mack's opinion was "vague" with respect to Plaintiff's "specific work-related functional limitations." Tr. 41. Finding harmless error in the ALJ's reliance on Dr. Mack's comment, this Court concludes that substantial evidence supports the ALJ's evaluation of the medical opinion evidence.

### B.  The ALJ's Reliance on Noncompliance of Treatment and Activities of Daily Living

Plaintiff argues that the ALJ improperly relied on Plaintiff's noncompliance with treatment and her reported activities of daily living in her decision. ECF No. 7-1 at 16-19.

### i.    Non-Compliance with Treatment

First, Plaintiff argues that the ALJ improperly relied on Plaintiff's noncompliance with her medication and inhaler, thus diminishing the severity of her impairments and failing to link her noncompliance to her mental impairment. *Id.* at 16-18. "Although an ALJ may properly consider a plaintiff's failure to follow treatment as prescribed, the law is clear, that an ALJ may not draw negative inferences from a claimant's lack of treatment without considering any explanations the claimant may provide." *Dukes v. Comm'r of Soc. Sec.*, No. 6:19-CV-06025 EAW, 2020 WL 5651610, at *4 (W.D.N.Y. Sept. 23, 2020). However, an ALJ's failure to consider plaintiff's explanation is harmless error when plaintiff's noncompliance was but one of several factors the

---

[4] It is unclear whether Dr. Mack's use of "chronic health issues . . . on their own" refers to each individual health issue or all of the chronic health issues together. If the latter, this argument would be moot.

ALJ considered. *See Gonzalez v. Berryhill*, No. 3:17-CV-1385 (SALM), 2018 WL 3956495, at

*15 (D. Conn. Aug. 17, 2018).

Here, while the ALJ does mention that she found Dr. Mack's January 2021 opinion to be

inconsistent, in part, due to Plaintiff's medication noncompliance, that was only one of two of the

ALJ's reasons. Tr. 41. The ALJ also found Dr. Mack's opinion to be inconsistent with the

Plaintiff's "generally conservative treatment." *Id*. Further, when the ALJ assessed Dr. Mack's

supportability, she was troubled by the doctor's uncritical acceptance of Plaintiff's claims as true

and believed that the opinion was an overstatement of Plaintiff's limitations based on the physical

examinations' documentation. *Id.* Thus, it is evident that Plaintiff's medication noncompliance

was just one of several factors on which the ALJ relied.

As far as the ALJ's reliance on Plaintiff's "'horrible' understanding of inhaler practices"

(Tr. 37), this comment appears to be from a mere observation of Plaintiff's compliance and the

ALJ does not fault her for this. *See Stephanie T. v. Comm'r of Soc. Sec.*, No. 1:20-CV-0322 CJS,

2021 WL 4189704, at *9 (W.D.N.Y. Sept. 15, 2021) (finding that the ALJ did not fault Plaintiff

for his noncompliance when the "ALJ merely observed that Plaintiff was non-compliant with

treatment in several instances, and that her functioning improved when she was compliant with

treatment").

Any potential error from the ALJ's failure to expressly consider Plaintiff's lack of

medication compliance or her understanding of inhaler practices is harmless because these did not

form the sole basis of the RFC determination. *Raymond Q. v. Saul*, No. 518CV544FJSCFH, 2019

WL 4758269, at *7 (N.D.N.Y. Aug. 7, 2019), *report and recommendation adopted sub nom.*

*Raymond Q. v. Comm'r of Soc. Sec.*, No. 518CV544FJSCFH, 2019 WL 4757316 (N.D.N.Y. Sept.

30, 2019) (finding no reversible error where  when "the ALJ's consideration of plaintiff's non-

compliance with treatment recommendations was but one factor in the ALJ's overall credibility determination"). Thus, this Court finds no error in the ALJ's reliance on Plaintiff's noncompliance with medication or her inhaler.

### ii.    Daily Living Activities

Plaintiff argues that it was improper for the ALJ to rely on Plaintiff's daily living activities in her decision. ECF No. 7-1 at 18-19. The Commissioner responds that the ALJ is permitted to consider Plaintiff's daily living activities. ECF No. 13-1 at 24. "[An] ALJ properly relie[s] on Plaintiff's activities as a factor in her overall evaluation of the medical opinion evidence in and formulating Plaintiff's RFC." *Cummings v. Comm'r of Soc. Sec.*, No. 3:17-CV-0631, 2018 WL 2209204, *8 (N.D.N.Y. May 14, 2018); *see Krull v. Colvin*, 669 Fed. App'x. 31, 32 (2d Cir. 2016) (summary order) (ALJ properly relied on plaintiff's daily activities in assessing the RFC). As such, the Court concludes there was no error in the ALJ's reliance on Plaintiff's daily activities to support her RFC determination.

### CONCLUSION

For all the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 2, 2026
　　　Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York